IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS MARTIN HENDRICKSON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL EXPERT REPORT<br><br><br>Case No. 1:19-CR-35 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on a Motion to Compel Expert Report filed by the United States. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

Defendant has filed a motion to suppress. The Court bifurcated the proceedings relative to that motion. The only remaining issue concerns the reliability of the dog sniff. Defendant has indicated that he intends to call Dr. Mary Cablk as an expert witness on that issue. The government requests that Court order Dr. Cablk to provide an expert report prior to the evidentiary hearing set for June 16, 2020.

Defendant opposes the United States' request and argues that there is no basis for the government's Motion. Defendant further argues that he has provided an adequate summary of Dr. Cablk's qualification, opinions, and the bases for those opinions.

## II.  DISCUSSION

The United States provides no legal basis for its request, but points to Federal Rule of Evidence 702.  However, as Defendant correctly points out, the rules of evidence generally do not apply to evidentiary hearings.

Federal Rule of Criminal Procedure 16 could provide a basis for the government's request if Defendant intended to introduce Dr. Cablk's opinions at trial.  However, even that rule does not require a written report.[1]  Rather, that rule requires a defendant provide a written summary of an expert's testimony under certain circumstances.  That "summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."[2]

The Court finds that, even if this rule applied here, Defendant has met its requirements.  Defendant has stated that Dr. Cablk will testify consistently with her recent testimony in a case in this District.  Defendant has provided the United States and the Court with the transcript of that testimony.[3]  Additionally, "she will opine on the officer's interpretation of his dog's conduct."[4]  More specifically, "[t]he opinion will be, that based on the totality of the information, the officer could draw no reasonable conclusion that the dog had communicated the

---

[1] *United States v. Nacchio*, 555 F.3d 1234, 1262 (10th Cir. 2009) (McConnell, J., dissenting).  Although this statement is contained in a dissent, "it accurately describes the state of the law as it exists today."  *United States v. Reulet*, No. 14–40005–DDC, 2015 WL 7078917, at *4 (D. Kan. Nov. 13, 2015).  *See also United States v. Mehta*, 236 F. Supp. 2d 150, 155–56 (D. Mass. 2002).

[2] FED. R. CRIM. P. 16(b)(1)(C).

[3] Docket No. 39 Ex. B.

[4] *Id.* Ex. C.

presence of contraband in the defendant's vehicle."[5] The bases for this opinion are "the videos, reports, the officer's testimony and her training and experience and the science."[6] Finally, Defendant has provided Dr. Cablk's curriculum vitae, which sets out her qualifications.[7] This is sufficient.

### III.  CONCLUSION

It is therefore

ORDERED that the government's Motion to Compel Expert Report (Docket No. 38) is DENIED.

DATED this 13th day of May, 2020.

BY THE COURT:

Ted Stewart
United States District Judge

---

[5] *Id.*

[6] *Id.*

[7] *Id.* Ex. A.